JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrea Baum
2301 Walnut Bottom Road
York, PA 17408

### DEFENDANTS
CWork Solutions, LP
625 Wilow Springs Lane
York, PA 17408

(b) County of Residence of First Listed Plaintiff: York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Esq., Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq
Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 7/ /2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA BAUM<br>2301 Walnut Bottom Road<br>York, PA 17408<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CWORK SOLUTIONS, LP<br>625 Willow Springs Lane<br>York, PA 17406<br><br>And<br><br>ASSURANT SOLUTIONS, INC.<br>260 Interstate N. Circle, S.E.<br>Atlanta, GA 30339<br><br>　　　　Defendant | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.　Plaintiff, ANDREA BAUM, (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.　Defendant, CWORK SOLUTIONS, LP ("CWork") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania and a business address as captioned above.

3.　Defendant, ASSURANT SOLUTIONS, INC. ("Assurant") is a business corporation organized and existing under the laws of the State of Georgia and a business address as captioned above. Both Defendants are hereinafter collectively referred to as ("Defendants").

4. At all times material hereto, Defendants employed Plaintiff at its York, Pennsylvania address as set forth above and qualified as Plaintiff's employer under the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act ("PHRA").

5. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, the Pennsylvania Human Relations Act and applicable federal and state law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendants in the Middle District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

10. In June of 2015, Defendants hired Plaintiff, a Caucasian woman, as a Quality Assurance Supervisor.

11. In July of 2017, Defendants hired Jermaine Franklin, an African-American man, as a Quality Manager, whom Plaintiff was assigned to report to.

12. Shortly after his assumption of the role of Manager, Mr. Franklin wrote up Plaintiff for three (3) purported incidents of "no call/no show" that had purportedly occurred prior to Mr. Franklin's hire.

13. Plaintiff contacted Defendants' Human Resources representative, Brad Martin, to obtain proof that she had properly advised Defendants of her absences, which she then provided to Mr. Franklin.

14. Mr. Franklin refused to rescind the attendance write-ups.

15. In September of 2017, Plaintiff met with Mr. Martin to complaint that she felt she was being targeted by Mr. Franklin.

16. Due to Mr. Franklin's treatment of her, Plaintiff began to experience stress-induced migraines which were progressively becoming severe enough to cause stroke-like symptoms.

17. On September 18, 2017, Plaintiff applied and was approved for intermittent FMLA leave to protect her need to leave work early or call out due to her migraine condition.

18. In October of 2017, Plaintiff again provided the documentation to Mr. Franklin disputing the attendance write-ups.

19. Mr. Franklin refused to accept her medical excuses, and furthermore stated that he was "Obama cleaning out the White House after Bush."

20. Plaintiff believed this comment was targeted specifically to threaten the jobs of Caucasian employees, such as herself.

21. Plaintiff continued to make complaints to Mr. Martin regarding feeling unfairly targeted by Mr. Franklin.

22. Plaintiff also made complaints to Defendants' second shift Human Resources representative Meg Mallone regarding same.

23. On November 20, 2017, Mr. Franklin issued a final write-up to Plaintiff.

24. In that write-up, Mr. Franklin stated that "there were issues with [Plaintiff's] attendance that were impacting her performance."

25. At this time, Plaintiff's absences were protected by her intermittent FMLA leave.

26. Plaintiff asked Mr. Franklin for clarification regarding the purported performance issues, as she had never been verbally criticized, nor written up, previously for any performance-related issues.

27. Mr. Franklin refused to provide any specific details, however he placed Plaintiff on a Performance Improvement Plan.

28. Plaintiff spoke with Defendants' second shift Operations Manager, Glen, to complain regarding the unfair targeted treatment she was experiencing, and also to address the purported "performance issues" since Mr. Franklin refused to explain what they were.

29. Glen indicated that he had "no idea" regarding any performance issues with respect to Plaintiff.

30. Plaintiff became aware that Mr. Franklin was sending out emails to all the other supervisors excluding her.

31. Plaintiff also was made aware that Mr. Franklin was ignoring her shift reports, which all supervisors are required to complete.

32. As Plaintiff worked on second shift, she would complete her reports and note issues that she needed Mr. Franklin to address.

33. After a few weeks would pass with no response from Mr. Franklin, Glen asked Mr. Franklin why he was not responding to Plaintiff's reports.

34. Mr. Franklin stated that while he responds to everyone else, he "doesn't even read [Plaintiff's] reports."

35. On December 19, 2017, Plaintiff suffered a migraine-induced mini stroke.

36. Plaintiff took an approved FMLA leave, with a scheduled return to work date of January 24, 2018.

37. While she was out on leave, Mr. Franklin replaced Plaintiff with a non-disabled male employee, Patrick.

38. When Plaintiff was ready to return to work, Mr. Franklin indicated that her second shift position was no longer available, and she was being moved to first shift.

39. When Plaintiff arrived for work on January 24, 2018, she discovered that she had no desk or computer, and all of her personal items and files had been moved.

40. She was also locked out of the computer system.

41. Additionally, Plaintiff discovered that Mr. Franklin reported the previous day, January 23, 2018, which was still covered under her FMLA leave, as an "unexcused absence".

42. On January 29, 2018, Plaintiff requested to leave work early to attend a doctor's appointment that she had scheduled prior to her return to work such that it would not have interfered with her previously held second shift schedule.

43. Mr. Franklin became upset and told Plaintiff that she "needed to get her priorities straight and put work first."

44. Plaintiff responded that she had attempted to schedule the appointment to not interfere with her work, however at the time she scheduled the appointment she was unaware that she would not be returned to her previous schedule, thus the conflict.

45. On February 12, 2018, Plaintiff was summoned to a meeting with Mr. Franklin.

46. Mr. Franklin told Plaintiff she was being terminated for "performance issues."

47. Plaintiff again requested to know exactly what performance issues were resulting in her termination.

48. While Mr. Franklin initially refused to engage, he eventually complied and showed Plaintiff a list of the purported performance issues.

49. One such issue was that Plaintiff had "asked another supervisor for help."

50. Plaintiff asked for clarification on that, which Mr. Franklin refused to provide.

51. The second issue was that Ms. Baum had a "no call/no show", however it was an absence covered by her approved intermittant FMLA.

52. The third issue was that Plaintiff had purportedly not added an employee's PTO request to the calendar, which was an issue that occurred while Plaintiff was out of the office on her FMLA leave.

53. Plaintiff was one of only a few female employees in Defendant's quality department.

54. Upon information and belief, one of the other three (3) remaining female employees was demoted by Mr. Franklin.

55. At all times material, Defendants were hostile to Plaintiff's disability and her need to utilize FMLA time, her race and her racial discrimination complaints, as well as her sex, and terminated her as a result of that animus.

56. As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, lost wages, as well as emotional distress, humiliation, pain and suffering and other damages as described below.

**III. Causes of Action.**

### COUNT I – TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)

57. Plaintiff incorporates paragraphs 1-56 as if fully set forth at length herein.

58. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,, an employer may not discriminate against an employee based on a disability.

59. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

60. Defendants are "employers" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

61. At all times material hereto, Plaintiff had a qualified disability, as described above.

62. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

63. Defendants failed to reasonably accommodate Plaintiff's disability.

64. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, lost benefits, as well as emotional distress, mental anguish,

humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

65. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

66. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

### COUNT II – VIOLATION OF FMLA—FAILURE TO REINSTATE
### (29 U.S.C. §2601 et seq.)

67. Plaintiff incorporates paragraphs 1-66 as if fully set forth at length herein.

68. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq..

69. Instead of reinstating Plaintiff to her former position upon her completion of her FMLA leave, Defendants moved her to a different shift, and then subsequently terminated Plaintiff's employment.

70. Defendants failed to reinstate Plaintiff to employment in violation of the provisions of FMLA.

71. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

72. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

73. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

### COUNT III – VIOLATION OF FMLA—RETALIATION
### (29 U.S.C. §2601 et seq.)

74. Plaintiff incorporates paragraphs 1-73 as if fully set forth at length herein.

75. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

76. Instead of reinstating Plaintiff to her former position upon the completion of her FMLA leave, Defendants moved her to a different shift, then subsequently terminated Plaintiff's employment, an adverse action.

77. Defendants' motivation in terminating Plaintiff's employment was based, in part, upon her application for FMLA leave.

78. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

79. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

80. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

### COUNT IV – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))
### (Plaintiff v. Defendants)

81. Plaintiff incorporates paragraphs 1-80 as if fully set forth at length herein.

82. Defendants took adverse action against Plaintiff by terminating her employment.

83. Plaintiff's status as a Caucasian female places her in a protected class.

84. Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to terminate her employment.

85. Plaintiff suffered disparate treatment by Defendants, through the aforementioned conduct of Jermaine Franklin.

86. Plaintiff's complaint concerning racial discrimination from her supervisor, Mr. Franklin, was protected under 42. U.S.C. § 2000e.

87. Defendants' decision to terminate Ms. Baum was motivated, in part, by her complaint to Defendants concerning what she perceived was racial animus by Mr. Franklin.

88. As such, Defendants' decision to terminate Plaintiff's employment is an unlawful employment practice, under 42 U.S.C. § 2000e-2(a).

89. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

90. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

91. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

### COUNT V – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

92. Plaintiff incorporates paragraphs 1-91 as if fully set forth at length herein.

93. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on a disability.

94. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

95. Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

96. At all times material hereto, Plaintiff had a qualified disability, as described above. Plaintiff's disability profoundly interfered with her day to day life activities.

97. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

98. Defendants failed to accommodate Plaintiff's disability.

99. Defendants failed to engage in a meaningful back and forth discussion in an effort to accommodate Plaintiff's disability.

100. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

101. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

102. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

**COUNT VI – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**(43 P.S. § 955)**

103. Plaintiff incorporates paragraphs 1-102 as if fully set forth at length herein.

104. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not racially discriminate or retaliate against an employee for bringing forth a complaint of racial discrimination.

105. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

106. Defendants are Plaintiff's "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

107. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her race and skin color, and in retaliation for bringing forth a race discrimination complaint and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

108. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

109. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

110. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff Andrea Baum demands judgment in her favor and against Defendants, CWork Solutions, LP and Assurant Solutions, Inc.. in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110
Attorney for Plaintiff, Andrea Baum

Date: 7/20/18

# EXH. A

Case 1:18-cv-04020-CCC Document 83-1 Filed 07/20/18 Page 15 of 16

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Andrea Baum
2301 Walnut Bottom Rd
York, PA 17408

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-02864 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Jamie R. Williamson,
District Director

*(Date Mailed)*

cc: **David Grigerit, Esq.**
**Attorney At Law**
**ASSURANT**
**260 Interstate N Circle, SE**
**Atlanta, GA**

**Graham Baird**
**LAW OFFICES OF ERIC SHORE**
**2 Penn Ctr, Ste 1240**
**1500 JFK Blvd, PO BOX 58519**
**Philadelphia, PA 19102**